STENGEL v. COLORADO NAT. LIFE ASSUR. CO.

(Court of Civil Appeals of Texas. Ft. Worth. April 6, 1912. Rehearing Denied May 11, 1912.)

1. EVIDENCE (§ 450*)—PAROL EVIDENCE—EXPLAINING CONTRACT—INSURANCE POLICY.

The application attached to a life policy contained a provision that insured agreed that all the statements and answers contained therein were true, and that no statement made to or by any agent, not contained in the application, shall be considered as made to, or brought to the notice of, the company, or as charging it with any liability, and further stated that the policy was to be a "G A D 20 Pay." *Held,* that oral testimony as to representations by the soliciting agent that the policy applied for would mature at the end of 13 years, after which insured would be entitled to an annual dividend of 3½ per cent. for life, was admissible to explain the policy; the quoted expression therein not being wholly unambiguous.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2084; Dec. Dig. § 450.*]

2. INSURANCE (§ 141*) — LIFE INSURANCE — REPRESENTATIONS—ESTOPPEL.

Insured was not estopped from asserting that a life policy was procured by misrepresentations as to when it would mature, where he declined to accept the policy when it was tendered to him, and took possession of it solely to deliver it to the company's adjuster, who had come to settle the claims.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 75, 253–262; Dec. Dig. § 141.*]

Appeal from Knox County Court; J. H. Milam, Judge.

Action by John E. Stengel against the Colorado National Life Assurance Company. From a judgment for defendant, plaintiff appeals. Reversed, and remanded for new trial.

W. N. Coombes, of Benjamin, and Chas. E. Coombes, of Anson, for appellant. Clarence A. Brandenburg, of Denver, Colo., and D. J. Brookreson, of Benjamin, for appellee.

SPEER, J. John Stengel brought this suit to recover from the Colorado National Life Assurance Company the sum of $322.30 paid to it as the first annual premium for a $10,000 life insurance policy, upon an allegation that the agent of the defendant company had falsely and fraudulently represented the character of the policy to be delivered. The defendant denied generally, and pleaded specially an estoppel by reason of the plaintiff having accepted the policy tendered. After the evidence of plaintiff was introduced, the court directed a verdict for the defendant, on which judgment was entered, and the plaintiff has appealed.

The only issue presented, of course, is whether or not the evidence of appellant presented such a case as would have justified a finding by the jury in his favor. We need not state the evidence in detail, but it is sufficient to say that the allegations of appellant's petition, to the effect that appellee's agent falsely represented to him that the policy for which he applied would mature at the end of 13 years, after which time he would be entitled to a dividend of 3½ per cent. amounting to $350 per annum, for the remainder of his life, and that appellant relied upon this assurance, and would not have entered into the contract of insurance, but for such representation, find support in the testimony. The policy issued by the company and tendered to appellant was not such a policy. That this would authorize a recovery back of the premium paid there can be no doubt, unless such relief should be denied for the reasons urged by counsel for appellee. Those reasons are as follows:

[1] First. That, appellant having signed the written application containing the stipulations hereinafter to be noticed, he will not be heard to give oral evidence of statements made by the agent at or prior to the signing of such application and not contained therein. To the policy, which is in evidence, is attached a copy of appellant's application, which application contains the following language: "I hereby warrant and agree that all the statements and answers contained in my application for assurance above referred to * * * are true, full, and complete; that my said application and the foregoing answers are the sole consideration and inducement for the issuance of any policy of assurance based thereon, and shall be binding on all parties in interest under such policy; that no statement or declaration made to or by any agent, examiner, or other person not contained in my said application shall be taken or considered as having been made to or brought to the notice or knowledge of said company, or as charging it with any liability by reason thereof." The application is silent as to the kind of policy to be delivered, further than to state that the same is to be a "G A D 20 Pay." Now the evidence showing the representations of the agent and the character of the policy tendered was admitted by the court, and no cross-assignment complains of that ruling. But if the ruling were assigned as error, yet we would be unwilling to hold that the oral testimony was inadmissible, because it cannot be said that such testimony contradicts the written contract that the policy was to be a "G A D 20 Pay." That expression is not so unambiguous as to preclude oral evidence of its meaning. Very naturally some representations as to the nature of the policy to be delivered would be expected to be made, and proof of the same should be allowed, especially where such proof as we have just shown does not contravene any of the rules of evidence by contradicting the written application or contract.

[2] The second reason urged by appellee is the estoppel pleaded. It is sufficient answer to this, however, to say that appellant's testimony is to the effect that he declined to accept the policy when tendered to him, and afterward only came in actual possession of

it for the sole purpose of delivering it to appellee's adjuster, who had come to his town for the purpose of settling this and other claims.

The summary instruction was, therefore, erroneous, and the judgment is reversed, and the cause remanded for another trial.